¶ 17. I concur in the result reached by the majority. I write separately out of concern that the majority's writing in Section III could be construed to suggest that a police command to a suspect to empty his pockets during a brief investigatory stop is a permissible police activity under the reasoning of Terry v.Ohio, 392 U.S. 1 (1968). It would be my view that, absent some special circumstance, such a directive would be too intrusive to pass constitutional muster under the reasoning in Terry v. Ohio.
¶ 18. Nevertheless, in this case, I do not think it is necessary to reach the question of whether special circumstances existed that would permit a more intrusive nonconsensual search than a Terry
pat down. Rather, I believe the question of the admissibility of the cocaine can be decided against Shannon on other grounds.
¶ 19. Certainly, the officer was authorized to make a brief investigatory stop of this defendant and, for his own protection, to conduct a Terry pat down for weapons. The officer testified that the weapons pat down was inconclusive because of the bulky nature of Shannon's clothing and that, at that point, he asked Shannon to voluntarily empty his pockets. Without question, Shannon could have refused that request, but there is no requirement that the officer advise Shannon, in Miranda — like fashion, of his right to refuse before making the request. (SeeJones v. State, 607 So.2d 23, 28 (Miss. 1991). "The State is not required to demonstrate knowledge [of the right to refuse a request for a consensual search].") Should a suspect refuse to voluntarily empty his pockets, it would seem reasonable that the detaining officer, still unsure of whether the individual was armed even after completing the pat down, could take additional precautions to ensure his safety while he completed his investigative stop. It may well be the case, depending on the particular facts, that those additional precautions might include a command to an uncooperative suspect to empty out the contents of his pockets.
¶ 20. In this case, however, there is no need to consider the propriety of a nonconsensual escalation of a weapons search after an inconclusive Terry pat down. The officer testified that Shannon agreed to empty his pockets and the trial court affirmatively found at the suppression hearing that Shannon's actions in doing so were voluntary. It was during the course of voluntarily complying with the officer's request to empty his pockets that Shannon dropped an item to the ground that later proved to be a rock of crack cocaine.
¶ 21. There is no basis for this Court to conclude that the trial court was manifestly wrong when it found that Shannon had consented to empty his pockets when requested to do so by the officer. Therefore, the cocaine discovered during the course of Shannon's compliance with the officer's request cannot be seen as the product of a constitutionally unreasonable search. *Page 473 
SOUTHWICK, P.J., COLEMAN, IRVING, AND THOMAS, JJ., JOIN THISSEPARATE WRITTEN OPINION.